# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Howard Leventhal,   Case No. 0: 17-CV-05441-PAM-KMM

Petitioner,

v.

**REPORT AND RECOMMENDATION**

Warden Rios,

Respondent.

Howard Leventhal, Reg. No. 46376-424, Federal Prison Camp, P.O. Box 1000, Duluth, MN 55814, pro se petitioner

Ana H. Voss, Ann M. Bildtsen, Assistant United States Attorney's Office, 300 S 4th Street, Suite 600, Minneapolis, MN 55415, counsel for respondent.

Howard Leventhal has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Also before the Court are several related motions brought by Mr. Leventhal. For the following reasons, the Court recommends that the petition be dismissed, and the motions be denied.

## BACKGROUND

Mr. Leventhal is currently incarcerated at the Federal Prison Camp in Duluth, Minnesota. He was sentenced in the United States District Court for the Eastern District of New York to 60 months of imprisonment after pleading guilty to Wire Fraud and Aggravated Identity Theft.

### A. RDAP Participation and RRC Placement

Mr. Leventhal began the Bureau of Prisons' ("BOP") Residential Drug Abuse Program (RDAP) on May 12, 2017 at a prison in Illinois. When he began the program, Mr. Leventhal was required to sign an *Agreement to Participate*, which

explained that participants could be expelled from RDAP for failure to comply with the program's expectations and rules. (*See* ECF No. 4, Ex. 31.) Had he successfully completed RDAP, Mr. Leventhal would have been eligible for a reduction in his term of imprisonment of up to one year. *See* 18 U.S.C. § 3621(e)(2)(B).

Unfortunately, Mr. Leventhal struggled in RDAP from the beginning, and on June 29, 2017, RDAP staff issued a Formal Warning to him for failing to demonstrate sufficient growth within the program. (ECF No. 4, Ex. 29 at 3.) Mr. Leventhal's difficulties continued, and RDAP staff eventually decided that he would benefit from restarting the program. Mr. Leventhal filed an administrative remedy request challenging the BOP's decision to require him to restart RDAP. (Declaration of Shannon Boldt, ECF No. 35, ¶ 19.) This request was denied, and Mr. Leventhal timely appealed this denial to the Regional Office. (*Id.* ¶ 20.) His appeal was also denied, and Mr. Leventhal appealed that decision to the Central Office. (*Id.* ¶ 21.) This final appeal was also denied. (*Id.*) With this final denial, Mr. Leventhal exhausted his administrative remedies with respect to his restart of RDAP.

Mr. Leventhal was moved to FPC Duluth and restarted the first phase of RDAP on September 20, 2017, after which he continued to make unsatisfactory progress. (ECF No. 4, Ex. 36 at 1.) On January 24, 2018, after he filed this habeas petition, Mr. Leventhal was expelled from the RDAP program and informed that he could reapply for RDAP after 90 days. (ECF No. 21.) Upon his expulsion, Mr. Leventhal became ineligible for early release under § 3621(e), unless he reapplies and successfully completes the program at a later date. Mr. Leventhal did not file any administrative challenges to his expulsion from RDAP.

Regardless of whether he completes RDAP, Mr. Leventhal is eligible for placement in a Residential Reentry Center ("RRC" or "halfway house") for up to 12 months before the end of his sentences, or in home confinement for the shorter of 10 percent of his term of imprisonment or 6 months at the end of his sentence. 18 U.S.C. § 3624. The BOP determines the appropriate length of stay in an RRC or home confinement based on an individual evaluation of five statutory factors laid out in 18 U.S.C. § 3621.[1] Mr. Leventhal underwent a preliminary review for his RRC

---

[1] The BOP is required to consider the following: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the

placement in January 2017, and an initial determination was made that he should receive six months of pre-release RRC placement. (Decl. of Kyja Warner, ECF No. 34, ¶ 9.) After this review, Mr. Leventhal was expelled from RDAP and the earlier calculation of his projected release date changed from January 2019 to January 2020. Due to this change, no final determination regarding the duration of Mr. Leventhal's RRC placement has yet been made. Mr. Leventhal's case will be reviewed again by the BOP in May 2018, at which time a new determination of his RRC placement will be made. (*Id.* ¶¶ 10–11.)

**B. Procedural History**

Mr. Leventhal filed a habeas petition under 28 U.S.C. § 2241 on December 14, 2017. He challenges BOP actions that he alleges affected his ability to complete the RDAP program; the length of his preliminary RRC placement determination; the duration of his sentence; and the conditions of his confinement, largely related to the BOP's treatment of Mr. Leventhal's severe chronic illness. He originally sought an order preventing the BOP from removing him from RDAP,[2] immediate release upon his completion of RDAP to an RRC or, in the alternative, immediate release to home confinement. He also seeks damages and the certification of a class action lawsuit against the BOP and the Department of Justice ("DOJ").

This Court ordered Respondent to file an answer and directed that Respondent address only claims appropriately sounding in habeas corpus, and identify claims that should be raised in a separate civil proceeding. (Order, ECF No. 14.) Respondent identified three broad categories of claims within Mr. Leventhal's petition: RDAP and RRC placement claims cognizable under § 2241; obstruction of justice claims related to the duration of his sentence cognizable under § 2255; and civil rights and related claims to be raised in a civil proceeding. (Resp., ECF No. 33, 14–18.)

---

sentence—(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) of Title 28." 18 U.S.C. § 3621.

[2]   In the time between Mr. Leventhal's Petition and the Respondent's Response, Mr. Leventhal was expelled from RDAP. As such, this Court assumes that Mr. Leventhal now seeks readmission into the program.

Mr. Leventhal's Reply Brief raised additional factual allegations regarding conditions of confinement.  Mr. Leventhal also moved within the Reply Brief to strike, dismiss, and/or sanction the government's answer, and for partial summary judgment.  Finally, Mr. Leventhal moved to voluntarily dismiss the Equal Protection claims of his Petition, certain conditions of confinement claims, and "[a]ny other additional portion of the original Petition that this court deems reasonably necessary to dismiss in order to issue writ of habeas corpus…." (Reply, ECF No. 40, 22.)

Also at issue in this case are three unresolved motions: Motion for Restraining Order (ECF No. 15), Motion for Rule to Show Cause—Indirect Contempt (ECF No. 20), and Motion to Strike Under Rule 12(f) and for Default Judgment (ECF No. 31).

## ANALYSIS

### A. Voluntary Dismissal of Certain Claims

Mr. Leventhal asks this Court to dismiss his Equal Protection claims and certain conditions of confinement claims.  A court may dismiss an action upon request from the Petitioner, "on terms that the court considers proper." Fed. R .Civ. P. 41(a)(2).  District courts should consider the following factors when deciding whether to permit voluntary dismissal under Rule 41(a)(2): "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Bandy v. Commissioner of Corrections*, No. 13-cv-2209 (JRT/LIB) 2014 WL 4829359 at *4 (D. Minn. Sept. 29, 2014) (citing *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)).

The first and fourth elements are irrelevant here, as there is no trial in this case, and the Respondent has not filed a motion for summary judgment.  Nor has Mr. Leventhal delayed in making this request.  Given that Mr. Leventhal is a pro se litigant, he may not have fully appreciated the flaws in using a habeas petition to allege certain civil rights violations until the Court first raised the concern.  Finally, Mr. Leventhal has adequately explained the need for dismissal—he recognizes that his *Bivens*[3] claims are more properly brought in a civil action, not a habeas petition, and requests that these claims be dismissed so that he may raise them in the appropriate

---

[3]   *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

forum. Accordingly, this Court will recommend dismissal without prejudice of Sections F.III and F.IV (a)–(d) of Mr. Leventhal's Petition.

### B. Claims Properly Raised Through Other Vehicles

Mr. Leventhal's remaining claims include allegations of deliberate indifference to serious medical needs, improper maintenance of records under the Privacy Act, obstruction of justice against the DOJ during his criminal proceedings, class action lawsuit claims regarding medical treatment of current BOP inmates, and challenges relating to his RDAP and RRC placement. Only the RDAP and RRC claims are cognizable under § 2241.

#### Conditions of Confinement Claims

Like the claims Mr. Leventhal has voluntarily dismissed above, Mr. Leventhal's Eighth Amendment and Privacy Act claims are not cognizable in a § 2241 petition. Generally, Mr. Leventhal alleges that the BOP has not given adequate care to his serious medical conditions. Among other remedies, he seeks immediate release so that he can manage his own medical care, as well as monetary damages. "If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973)). Those of Mr. Leventhal's allegations relating to the conditions of his confinement, including medical care, may not be brought under a habeas petition. *E.g.*, *Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014). Instead, these claims should be raised in a separate civil proceeding. *Id.* at 470. Therefore, the Court recommends their dismissal.

#### Obstruction of Justice Claims

Mr. Leventhal also alleges that the government engaged in obstruction of justice during his prosecution. Specifically, he describes several actions undertaken by the DOJ, including blackmailing his ex-wife into providing false testimony during his criminal proceedings, improperly influencing his Presentence Investigation Report, falsely inflating the amount of intended loss caused by Mr. Leventhal's crimes, and concealing a medical care plan that the sentencing judge relied on when determining Mr. Leventhal's sentence. All of these actions, Mr. Leventhal alleges, resulted in an excessive sentence. However, these claims are more properly raised in a § 2255

petition to the sentencing court, the Eastern District of New York.  A court generally "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582 (c).  But an inmate "may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  28 U.S.C. § 2255.  Accordingly, the allegations raised by Mr. Leventhal regarding the fairness of his prosecution must be brought to the sentencing court.  28 U.S.C. § 2255 (e).

Although Mr. Leventhal characterizes this set of arguments as challenges to the execution of his sentence in an effort to preserve this Court's jurisdiction, that characterization is incorrect.  (Reply 7.)  Mr. Leventhal attacks the actions of the government that led to his conviction and the imposition of his sentence.  As such, this Court has no jurisdiction over Mr. Leventhal's challenges to his sentence, and should dismiss them without prejudice.

### Class Claims

Mr. Leventhal also requests class certification and class action relief in relation to some of his medical indifference claims.  (Reply 27–28.)  Although not specifically pleaded, this requested relief could be liberally construed as trying to bring a class action claim within Mr. Leventhal's petition.  *See Spencer*, 774 F.3d at 471 ("We construe [Petitioner's] pro se petition liberally.").  However, Mr. Leventhal's habeas petition is not the appropriate vehicle to bring a class action claim, in part because pro se litigants cannot represent the claims of others.  *E.g.*, 28 U.S.C. § 1654 (stating that in United States courts, "the parties may plead and conduct *their own* cases *personally* or *by counsel*" (emphasis added)); *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity . . . in a court of the United States."); *Perkins v. Holder*, 13-cv-2874 (PAM/FLN), 2014 WL 755378, at *5 n.8 (D. Minn. Feb. 25, 2014) ("pro se litigants can never represent the rights, claims, and interests of other parties in a class action lawsuit (or otherwise)").  As such, to the extent that Mr. Leventhal seeks collective or class-based relief, he may not bring that request through his pro se habeas petition.

### C. Claims Properly Raised Through Section 2241

Ultimately, Mr. Leventhal raises two claims that are cognizable through his present petition: a challenge to his expulsion from RDAP, and a disagreement with the preliminary calculation of his RRC placement.  However, although these claims

-6-

are properly before the Court, this Court finds that Mr. Leventhal is not entitled to relief.

### Exhaustion

Before seeking relief via § 2241, a federal inmate must generally exhaust his administrative remedies. *See, e.g.*, *United States v. Chappel*, 208 F.3d 1069, 1069–70 (8th Cir. 2000). Only in unique cases where exhausting administrative remedies would be futile may a court excuse a habeas petitioner from the exhaustion requirement. *See Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007); *Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004). Construing Mr. Leventhal's Petition and Reply liberally, it appears as though Mr. Leventhal makes at least two distinct challenges to the BOP's administration of his time in RDAP. First, Mr. Leventhal challenges the BOP's decision to require him to restart RDAP in the first place. (Pet. 11 ("BOP's unjustified delay wrongfully inserted into Leventhal's halfway house release date arising from an unjustified RDAP setback.").) Second, Mr. Leventhal challenges his eventual expulsion from RDAP.[4]

The Court finds, and the Respondent concedes, that Mr. Leventhal has exhausted available remedies as to the first decision, the requirement that he restart RDAP. Mr. Leventhal requested administrative review and appealed to the highest level available to him before filing his claim with this Court. However, the Court finds that Mr. Leventhal has not exhausted available remedies as to his later expulsion from RDAP. Instead of following the same administrative procedure that he did with the first RDAP decision, Mr. Leventhal has only challenged his expulsion from RDAP through motions filed in this case. Because Mr. Leventhal has not requested any administrative review of his removal from RDAP, but has failed to demonstrate that any administrative review would be futile, the Court should not review the BOP's decision to expel Mr. Leventhal from RDAP at this time.

Mr. Leventhal's claim regarding the initial determination of his RRC time fails for similar reasons. He has not filed any request for administrative review, and therefore this Court should decline to review Mr. Leventhal's preliminary RRC

---

[4] The Respondent argues that Mr. Leventhal is also challenging a formal warning regarding RDAP that he was given, but the Court does not construe his petition as raising such an independent claim. To the extent this claim might be raised, it would fail for failure to exhaust administrative remedies.

placement. Indeed, because no final decision regarding his RRC placement has been made, any challenge regarding this matter is premature.

### Section 3624 and BOP Discretionary Decisions

In addition to the exhaustion of remedies problem described above, another barrier exists to Mr. Leventhal receiving relief through his habeas petition. Substantive decisions regarding whether to expel an inmate from RDAP are not reviewable under 28 U.S.C. § 2241. 18 U.S.C. § 3625 (stating that the judicial review provisions of the Administrative Procedures Act "do not apply to the making of any determination, decision, or order under this subchapter."); *e.g.*, *Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) (holding that a decision to expel a particular inmate from RDAP is not subject to judicial review); *accord Rios v. Fisher*, No. 10-cv-4020 (PJS/TNL), 2012 WL 2814338 at *1 (D. Minn. June 19, 2012) (same) *report and recommendation adopted*, 2012 WL 2814325 (D. Minn. July 10, 2012); *see also Martin v. Gerlinksi*, 133 F.3d 1076, 1079 (8th Cir. 1998) ("§ 3625 precludes judicial review of agency adjudicative decisions."). As a result, this Court lacks subject matter jurisdiction to review the BOP's decision to require Mr. Leventhal to redo phase one of RDAP, and it would similarly lack jurisdiction over the BOP's later decision to expel Mr. Leventhal from RDAP even had he properly exhausted administrative remedies related to that claim. Mr. Leventhal's RDAP claims must be dismissed.

## D. Outstanding Motions

Mr. Leventhal has filed several motions in conjunction with his Petition: Motion for Restraining Order (ECF No. 15), Motion for Rule to Show Cause—Indirect Contempt (ECF No. 20), and Motion to Strike Under Rule 12(f) and for Default Judgment (ECF No. 31). This Court recommends that these motions be denied.

Mr. Leventhal's Motion for Restraining Order seeks injunctive relief to prevent the BOP from expelling him from RDAP. Because Mr. Leventhal was expelled from RDAP after the filing of this motion, the Court construes this request as seeking an order to restore Mr. Leventhal to his previous RDAP progress. In considering whether to grant preliminary injunctive relief, a court must evaluate four factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest."

*Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc).  Here, because he cannot demonstrate a right to review of the RDAP decision, Mr. Leventhal is not entitled to an injunction, and the Court need not examine the remaining factors.  "An injunction cannot issue if there is no chance on the merits." *Mid-Am. Real Estate Co. v. Ia. Reality Co., Inc.*, 406 F.3d 969, 972 (8th Cir. 2005). Therefore, it is recommended that Mr. Leventhal's Motion for Restraining Order be denied.

The "Motion for Rule to Show Cause—Indirect Contempt" seeks an evidentiary hearing in anticipation of a contempt ruling against two BOP employees, Travis Tomford and Victor Rigling, for expelling Mr. Leventhal from the RDAP program.  It is recommended that this Motion be denied, because the Court did not grant Mr. Leventhal's Motion for Restraining Order, and Mr. Tomford and Mr. Rigling were under no court-imposed obligation not to expel Mr. Leventhal from RDAP.

Mr. Leventhal's final motion seeks to have the Respondent's request for an extension of time (ECF No. 23) stricken and default judgment granted in Mr. Leventhal's favor.  This motion should be dismissed as moot, as this Court granted Respondent's requests for extensions of time, and Respondent is not in default.

Finally, Mr. Leventhal attempts to bring several additional requests or motions within his Reply. (Reply 23–29.)  Because Mr. Leventhal's Petition should be dismissed in its entirety, these motions should be dismissed as moot.

### RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. Mr. Leventhal's Petition (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

2. The Motion for Restraining Order (ECF No. 15) be **DENIED**.

3. The Motion for Rule to Show Cause–Indirect Contempt (ECF No. 20) be **DENIED**.

4. The Motion to Strike Under Rule 12(f) and for Default Judgment (ECF No. 31) be **DENIED**.

Date: May 16, 2018                                *s/ Katherine Menendez*
                                                  Katherine Menendez
                                                  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.