UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Howard Leventhal,                                              Civ. No. 17-5441 (PAM/KMM)

          Petitioner,

v.                                                                                  **ORDER**

Warden Rios,

          Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Katherine Menendez dated May 16, 2018. (Docket No. 49.) In the R&R, Magistrate Judge Menendez recommends dismissing this matter without prejudice. Petitioner Howard Leventhal timely objected to the R&R. (Docket No. 56.) Respondent Warden Rios responded to that objection. (Docket No. 62.)

The Court need not repeat the background in this matter because it is thoroughly discussed in the R&R. In short, Leventhal has participated in the Residential Drug Abuse Program ("RDAP") while incarcerated, but his performance was unsatisfactory, and the Bureau of Prisons ("BOP") determined that he should restart RDAP. Leventhal appealed that determination, and it was affirmed. Meanwhile, Leventhal underwent a preliminary review regarding his Residential Reentry Program ("RRC") placement, and the BOP calculated a projected release date of January 2019. Leventhal then filed this Petition, challenging the BOP's administration of RDAP, the length of his RRC placement, the duration of his sentence, and the conditions of his confinement. Leventhal was later expelled from RDAP, and that expulsion extended his projected release date by one year, but no final determination has been made regarding his RRC placement.

This Court must review de novo any portion of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). The R&R concludes that the RDAP and RRC claims are the only cognizable claims under § 2241, and that these claims are either unexhausted or the Court lacks subject-matter jurisdiction to review them. (R&R at 6-8.) The R&R determined that the remaining claims should be dismissed without prejudice because Leventhal requested voluntary dismissal of his equal protection claims, and because the other claims are not properly raised in a habeas petition. (Id. at 5-6.) Finally, the R&R recommends denying several Motions filed by Leventhal. (Id. at 8-9.) After conducting the required review and for the following reasons, the Court adopts the R&R.

First, Leventhal argues that he is entitled to an evidentiary hearing, citing Haines v. Kerner, 404 U.S. 519, 521 (1972). But Haines is inapplicable because this is a habeas matter, and in any event, the facts alleged do not justify an evidentiary hearing. Leventhal's argument does not address the R&R's conclusion that the Court lacks subject-matter jurisdiction over his claims, and the Court cannot hold an evidentiary hearing if it lacks jurisdiction over the matter. See, e.g., Morrison v. United States, No. 01-3354, 2006 WL 156823, at *1 (C.D. Ill. Jan. 20, 2006) (denying request for evidentiary hearing for lack of jurisdiction). This argument is therefore rejected.

Second, Leventhal contends that his claims regarding the conditions of his confinement are properly addressed in a § 2241 petition because he believes that the BOP has not complied with a Court order regarding his medical condition. But no such order exists; the sentencing Court merely recommended that Leventhal "be designated to either FCI-Oxford or a Correctional Medical Facility in Illinois" because "[h]e is from Illinois,

he has family in Illinois, and he has a serious medical condition that may require rapid response." See Am. J., United States v. Leventhal, No. 1:13-cr-695(1) (E.D.N.Y. May 9, 2014). Although the Court can recommend placement in a particular facility or program, the ultimate placement decision rests with the BOP. Tapia v. United States, 564 U.S. 319, 331 (2011). Regardless, Magistrate Judge Menendez properly concluded that these claims are not cognizable in a § 2241 petition. (R&R at 5 (citing Spencer v. Haynes, 774 F.3d 467, 470 (8th Cir. 2014) (concluding that a habeas petition is not the proper avenue to raise a constitutional claim regarding the condition of an offender's confinement)).)

Third, Leventhal maintains that he did not request voluntary dismissal of his equal protection claims, contrary to the R&R's determination. He argues that he would have requested dismissal without prejudice of numerous claims in his Petition, including the equal protection claims, but only if a writ of habeas corpus issued in this matter and if the Court granted leave for him to refile those claims in Leventhal v. Tomford, 18-cv-320, (D. Minn.), another matter pending in this District. Regardless whether he sought dismissal of his equal protection claims, they are also not cognizable under § 2241. See Spencer, 774 F.3d at 470. This argument is without merit.

Finally, Leventhal argues that exhaustion should not bar his claims, citing McCarthy v. Madigan, 503 U.S. 140, 154 (1992). But McCarthy held only that exhaustion was not required to initiate a Bivens action; it does not apply to a § 2241 petition. 503 U.S. at 149. And regardless, McCarthy was superseded by the Prison Litigation Reform Act of 1995, which now requires "exhaustion of available administrative remedies . . . for any suit challenging prison conditions." Woodford v. Ngo, 548 U.S. 81, 85 (2006); accord 42 U.S.C. § 1997e(a).

The Court agrees with the R&R's analysis, and the Petition must be dismissed. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Objection (Docket No. 56) is **OVERRULED**;

2. The R&R (Docket No. 49) is **ADOPTED**;

3. The Petition for Writ of Habeas Corpus (Docket No. 1) is **DISMISSED without prejudice**;

4. Petitioner's Motion for Temporary Restraining Order (Docket No. 15) is **DENIED**;

5. Petitioner's Motion for Rule to Show Cause (Docket No. 20) is **DENIED**;

6. Petitioner's Motion to Strike Under Rule 12(f) and for Default Judgment (Docket No. 31) is **DENIED**;

7. Petitioner's Motion for Rule to Show Cause (Docket No. 50) is **DENIED as moot**;

8. Petitioner's Motion for Leave to File on an Emergency Basis (Docket No. 52) is **DENIED as moot**; and

9. Petitioner's Motion to Join Erica MacDonald as Contemnor, for Evidentiary Hearing, and Other Relief (Docket No. 63) is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 26, 2018

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge